The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This official Attorney General opinion is rendered in response to certain questions that you have presented concerning Act 1289 of 1997, which establishes a requirement that electricians be licensed.
Your questions specifically concern the "grandfather clause" of that Act. That clause states:
 SECTION 13. Subchapter 3 of chapter 28 of Title 17 of the Arkansas Code is hereby amended to add a new Section 17-38-310 to read as follows:
 17-28-310. Grandfather clause.
 (a) Applicants for a license pursuant to the provisions of this chapter shall be exempt from the examination requirement of 17-28-203, provided the applicant:
 (1) is qualified by experience requirements to take the examination for a particular license classification under the provisions of this chapter and the regulations of the board;
 (2) has not had a municipal electrician's license or a state electrician's license of any classification revoked or suspended for cause;
(3) submits the appropriate fee; and
(4) applies for a license prior to July 1, 1998.
 (b) Notwithstanding any provision to the contrary, an applicant for a license pursuant to this section shall be exempt from the journeyman electrician examination requirement of 17-28-203 if he has completed electrical apprenticeship training and education pursuant to a bona fide apprenticeship program registered with the United States Department of Labor, Employment and Training Administration, Bureau of Apprenticeship and Training and he meets the requirements of subsection (a)(2) through (a)(4) above.
Acts 1997, No. 1289, § 13.
You have presented the following questions:
 (1) Does an industrial electrician who is already employed in the industry have to be licensed as of July, 1998?
 (2) If existing industrial electricians must be licensed, do they have to otherwise qualify by taking an examination or by meeting any other requirements other than formal application for their license?
RESPONSE
Question 1 — Does an industrial electrician who is already employed inthe industry have to be licensed as of July, 1998?
It is my opinion that under the provisions of Act 1289 of 1997, all electricians, including an industrial electrician who is already employed in the industry, must be licensed as of July, 1998 (unless exempt under the provisions of Section 2 of the Act.)[1] The grandfather clause of Section 13 of the Act does not exempt electricians from the licensing requirement; rather, it exempts certain electricians from the examination requirement.
Section 8 of Act 1289 states the general licensing requirement as follows:
 SECTION 8. Arkansas Code 17-28-304 is hereby amended to read as follows:
 "17-28-304. Beginning July 1, 1998, no person shall perform electrical work in this state or display or use any title, sign, card, advertisement or other device to indicate that the person performs electrical work or is an electrician unless the person has first obtained a license to perform electrical work pursuant to the provisions of this chapter, or the individual is exempted from licensing[2] pursuant to the provisions of this chapter."
Acts 1997, No. 1289, § 8.
Even if electricians who are already employed in the industry can establish that they are covered by the provisions of the grandfather clause, they must still obtain licenses as required by the Act (although they will be exempted from the examination requirement.)
For the foregoing reasons, I must conclude that an industrial electrician who is already employed in the industry must obtain a license as of July, 1998.
Question 2 — If existing industrial electricians must be licensed, dothey have to otherwise qualify by taking an examination or by meeting anyother requirements other than formal application for their license?
It is my opinion that although existing industrial electricians must be licensed under Act 1289, they can avoid the examination requirement if they qualify under the grandfather clause.
In order to obtain a license without taking the examination, pursuant to the grandfather clause, industrial electricians must first be able to establish that they qualify by experience requirements to take the examination for industrial electricians under the Act and the regulations of the board.
It is my opinion that the "experience requirements" for taking the examination will be established by the board in its rules and regulations. I base this conclusion on the fact that the Act does not, itself, establish such requirements. Moreover, the Act specifically delegates rule- and regulation-making authority to the board, as follows:
 SECTION 4. Arkansas Code 17-28-202 is hereby amended to read as follows:
"17-28-202. Duties of board and Department of Labor.
(a) It shall be the duty of the board to:
 (1) Adopt rules and regulations necessary for the implementation of this chapter;
 (2) At least every six (6) months, conduct examinations of persons who apply for an electrician's license and grant licenses to qualifying applicants who have paid the prescribed fee; and
 (3) Revoke or suspend the license of any licensee or the certification of any electrical apprentice for cause."
Acts 1997, No. 1289, Section 4.
I conclude that because the Act does not establish "experience requirements" for qualification to take the various examinations, the responsibility for doing so has been delegated to the board, in its rule- and regulation-making authority.
Thus, in order to determine whether an industrial electrician who is already employed in the industry qualifies by experience to avoid taking the examination, reference must be made to the board's rules and regulations.
In addition to establishing qualification by experience to avoid taking the examination, applicants under the grandfather clause must:
 * Be able to establish that they have not had a municipal or state electrician's license suspended or revoked for cause;
* Submit the appropriate fee; and
* Apply for a license prior to July 1, 1998.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Section 2 of the Act provides for exemptions from licensing in certain instances. It states:
SECTION 2. Arkansas Code 17-28-102 is hereby amended to read as follows:
17-28-102. Construction and Exemptions.
(a) The provisions of this chapter shall not apply to:
(1) The construction, installation, maintenance, repair, or renovation by any public utility, as that term is defined by Ark. Code Ann. §23-1-101(4)(A) (1995 Supp.), by any rural electric association or cooperative, or by any municipally-owned utility, of any transmission or distribution lines or facilities incidental to their business and covered under other nationally recognized safety standards, or to any other such activity when performed by any duly authorized employee, agent, contractor, or subcontractor of any such public utility, association, cooperative, or municipally-owned utility;
(2) The construction, installation, maintenance, repair and renovation of telephone equipment, computer systems, or satellite systems by a person, firm, or corporation engaged in the telecommunications or information systems industry when such activities involve low-voltage work exclusively for communication of data, voice, or for other signaling purposes; including fire alarm systems, security systems and environmental control systems that are not an integral part of a telecommunications system;
(3) The construction, installation, maintenance, repair or renovation of any nonresidential farm building or structure;
(4) The construction and manufacture of manufactured homes covered by the federal Manufactured Home Construction and Safety Standards Act,42 U.S.C. §§ 4501 et seq.
(b) Nothing in this chapter shall be construed to require an individual to hold a license before doing electrical work on his primary residence except as otherwise required by state law, regulations, or local ordinances. The exemption from compliance with the licensing standards shall not be referred to in any way, and shall not be any evidence of the lack of negligence or the exercise of due care by a party at a trial of any civil action to recover damages by any party.
(c) Any holder of a state-issued heating, ventilation, air conditioning and refrigeration or HVACR license may run line voltage power wiring, in compliance with the state electric code, from a disconnect box to an outdoor HVACR unit within a distance not to exceed ten (10) feet from any point of the HVACR equipment without obtaining an electrician's license as required by this chapter.
(d) Nothing in this chapter shall be construed as repealing, modifying, or affecting in any way the provisions of title 17, chapter 25.
(e) Nothing in this chapter shall be construed to require an employee of a hospital to hold a license in order to perform minor repairs or make minor alterations to existing electrical facilities during the normal performance of his duties with a hospital licensed by the Arkansas Department of Health.
[2] The only exemptions from licensing under the Act are set forth in Section 2. See footnote 1.